Citation Nr: 21050000
Decision Date: 08/13/21 Archive Date: 08/13/21

DOCKET NO. 16-31 215
DATE: August 13, 2021

ORDER

Entitlement to service connection for sleep apnea is denied.

FINDING OF FACT

The preponderance of the evidence is against finding that the Veteran's sleep apnea began during active service or is otherwise related to an in-service injury or disease.

CONCLUSION OF LAW

The criteria for entitlement to service connection for sleep apnea have not been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Army from April 1972 to April 1996.

This matter comes before the Board of Veterans' Appeals (Board) from a June 2015 rating decision of the Department of Veterans' Affairs (VA) Regional Office (RO) in Jackson, Mississippi. 

In his July 2016 substantive appeal, the Veteran requested a hearing before a member of the Board, but in July 2021 he cancelled this request. 

Service Connection

Service connection may be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred or aggravated in active military service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303(a). In general, service connection requires competent and credible evidence of (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the current disability. See Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

1. Entitlement to service connection for sleep apnea is denied.

The Veteran seeks service connection for sleep apnea. The Veteran has not explained in any of his submissions to VA why he believes his sleep apnea should be service connected nor has he submitted any medical evidence relating his sleep apnea to service or a service-connected disability. 

The question for the Board is whether the Veteran has a current disability that began during service or is at least as likely as not related to an in-service injury, event, or disease.

The Board concludes that, while the Veteran has a diagnosis of obstructive sleep apnea, the preponderance of the evidence is against finding that it began during active service, or is otherwise related to an in-service injury, event, or disease. 

The Veteran's service treatment records are negative for any diagnosis of or treatment for sleep apnea or any other sleep disorder. More generally, there is no evidence that he complained of fatigue or trouble sleeping during his active service. A medical examination administered prior to the Veteran's retirement in October 1995 did not note any current or past sleep disorder, to include sleep apnea. On a Report of Medical History completed in October 1995, the Veteran denied frequent trouble sleeping.

At a VA General Medical examination in June 1996, the Veteran did not report a diagnosis of sleep apnea or describe any current sleep problems. 

A January 2011 treatment note that documented an impression of sleep apnea appears to be the earliest post-service reference to any sleep disorder. A February 2011 VA treatment note reflects that the Veteran was seen for complaints of sleep disturbance, including frequent loud snoring, interrupted breathing, and daytime sleepiness, but the duration of these symptoms is unclear. The Veteran underwent a sleep study in August 2011 which confirmed a diagnosis of obstructive sleep apnea. However, the Veteran's treatment providers do not relate the Veteran's diagnosis to his active military service.

Further, there is no competent evidence or opinion even suggesting that there exists a medical nexus between a current sleep apnea disability and the Veteran's service and neither the Veteran nor his representative have presented or identified any such existing medical evidence or opinion. 

The Board finds that the competent evidence of record, while showing the currently diagnosed sleep apnea disability, does not demonstrate that the Veteran's sleep apnea disability is related to the Veteran's service.

The Board also notes that the Veteran was not provided with a VA examination and opinion to assess the current nature and etiology of his claimed sleep apnea disability. However, VA need not conduct an examination with respect to the claim on appeal, as information and evidence of record contains sufficient competent medical evidence to decide the claims. See 38 C.F.R. § 3.159(c) (4). Under McLendon v. Nicholson, 20 Vet. App. 79 (2006), in disability compensation (service connection) claims, the VA must provide a VA medical examination when there is (1) competent evidence of a current disability or persistent or recurrent symptoms of a disability, and (2) evidence establishing that an event, injury, or disease occurred in service or establishing certain diseases manifesting during an applicable presumptive period for which the claimant qualifies, and (3) an indication that the disability or persistent or recurrent symptoms of a disability may be associated with the Veteran's service or with another service-connected disability, but (4) insufficient competent medical evidence on file for the VA to make a decision on the claim. Simply stated, the standards of McLendon are not met in this case as there is no credible evidence that the sleep apnea disability manifested in service and there is also no competent evidence suggesting that this disability is otherwise associated to service. Thus, remand for a VA examination is not necessary. 

To the extent that the Veteran and his representative themselves contend that a medical relationship exists between his claimed sleep apnea disability and his service, the Board acknowledges that the Veteran is competent to testify as to his observations. Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007). Furthermore, lay witnesses may, in some circumstances, opine on questions of diagnosis and etiology. See Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009) (finding that the Board's categorical statement that "a valid medical opinion" was required to establish nexus, and that a layperson was "not competent" to provide testimony as to nexus because she was a layperson, conflicts with Jandreau). In the instant case, however, the Board finds that a sleep apnea disability is not a disability subject to lay diagnosis as this diagnosis requires medical training. More significantly, the Veteran and his representative do not have the medical expertise to provide an opinion regarding the claimed sleep apnea disability etiology. Specifically, where the determinative issue is one of medical causation, only those with specialized medical knowledge, training, or experience are competent to provide evidence on the issue. See Jones v. West, 12 Vet. App. 460, 465 (1999). 

Thus, the Veteran and his representative's assertions that there is a relationship between his claimed sleep apnea disability and his service are not sufficient in this instance and are outweighed by other probative evidence of record. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007).

As there is no evidence that the Veteran's obstructive sleep apnea had onset in service or that the condition was caused by an in-service event, injury, or disease, entitlement to service connection for sleep apnea must be denied. The evidence in this case is not so evenly balanced so as to allow application of the benefit-of- the-doubt rule. Gilbert v. Derwinski, 1 Vet. App. 49 (1990); 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.

 

 

James A. DeFrank

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board E.D. Anderson, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.